UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JACQUELINE COX
640 West Cummings Road
Wautoma, WI 54982

      Plaintiff,

      v.                        Case No: 17-CV-1370

FROEDTERT HEALTH, INC.
9200 West Wisconsin Avenue
Milwaukee, WI 53226

      Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Jacqueline Cox, by her counsel, HEINS EMPLOYMENT LAW PRACTICE LLC, by Attorneys Janet L. Heins and Alan Freed, Jr., as and for a claim against the Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701 *et seq.,* and the Family & Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

2. The unlawful employment practices giving rise to the Plaintiff's claims occurred in Waukesha County within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

## THE PARTIES

3. Plaintiff, Jacqueline Cox, is an adult female resident of the State of Wisconsin, currently residing in Waushara County at 640 West Cummings Road, Wautoma, Wisconsin 54982. At all times material herein, she resided at W231 N7047 Homestead Court, Sussex, Wisconsin 53089 while employed by Defendant.

4. At all times material herein, Plaintiff performed her work duties in accordance with the reasonable expectations of the Defendant.

5. At all times material herein, Plaintiff has suffered from the disability of major depressive disorder.

6. At all times material herein, Plaintiff was a covered employee for purposes of the FMLA and the Rehab Act.

7. Plaintiff was not a "key employee" as defined under the FMLA.

8. At all times material herein, Plaintiff was employed by Defendant for at least 12 months prior to termination and had performed at least 1,250 hours of employment service with Defendant prior to her termination.

9. Defendant, Froedtert Health, Inc., was, at all times material herein, a domestic corporation with a principal address of 9200 West Wisconsin Avenue, Milwaukee, Wisconsin 53226.

10. Defendant is a covered employer for purposes of the Rehab Act and the FMLA.

11. Defendant, at all times material herein, was a recipient of federal funding for programs it conducted.

12. At all times material herein, Defendant employed at least 50 employees within a 75 mile radius of Plaintiff's work site(s).

## THE FACTS

13. Plaintiff began working for Defendant, then known as Community Memorial Hospital, on September 23, 2013 as Manager of Environmental Services & Linen.

14. In late 2014, after Defendant settled an NLRB charge filed by an employee Plaintiff fired, Defendant began attacking Plaintiff in the form of regular, undeserved, disparaging comments about her work performance and her in general in an apparent attempt to force her out of the company.

15. Plaintiff contacted Defendant's Employee Assistance Program in November 2014 for help her worsening depression with the terrible working environment caused by Defendant.

16. Plaintiff's supervisor two levels up in the chain of command issued her an undeserved performance plan in December 2014, even though her immediate supervisor told her the plan was BS but he was forced to put her on it.

17. Because of the overwhelming stress and hostile environment at work, in August 2015 Plaintiff requested a 90-day period of FMLA leave and submitted the required certification from her physician.

18. Instead, Defendant forced her to take intermittent FMLA leave only.

19. Plaintiff then took Mondays off for the first two weeks, although she continued to log at least 40 hours each week.

20. Then Plaintiff's doctor took her off work for five days in early September 2015, during which she was hospitalized for depression.

21. Ms. Cox was released to return to work November 2, 2015, and she was able to work four hours per day for the first two weeks and then six hours per day for the next two weeks, after which she planned to work full-time as before.

22. After her return to work, Plaintiff discovered that her immediate supervisor had been instructed not to speak to her.

23. No one would speak to Plaintiff at work, and she was treated as a pariah.

24. Defendant gave Plaintiff a bad performance review on November 12, 2015.

25. Defendant's staff referred to her as "nuts."

26. Several people at work commented on Plaintiff's disability of depression, including her new supervisor, Karl Schultz.

27. Schultz told Plaintiff that he also had depression, and he advised Plaintiff "not to let that out" or it would hurt her at Defendant.

28. Plaintiff felt that she was set up to fail.

29. Defendant terminated Plaintiff effective December 7, 2015, claiming that her position was eliminated.

30. Instead, Defendant replaced Plaintiff in the position with several individuals to handle all of the work she had performed.

31. Plaintiff has exhausted all of her administrative remedies and has satisfied all conditions precedent to bringing this action.

### FIRST CLAIM FOR RELIEF — DISABILITY DISCRIMINATION

32. Plaintiff realleges and incorporates paragraphs 1-25 of this complaint by reference.

33. Defendant discriminated against Plaintiff based on disability in the terms and conditions of her employment and refused to accommodate her disability, in reckless disregard of her federally protected rights under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

34. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of lost wages, lost employment benefits, pain and suffering, and emotional distress.

4

These damages continue into the present and will continue into the foreseeable future.

## SECOND CLAIM FOR RELIEF – FMLA INTERFERENCE

35. Plaintiff realleges and incorporates paragraphs 1-28 of this complaint by reference.

36. Defendant unlawfully interfered with Plaintiff's use of FMLA leave in reckless disregard of her federally protected rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 825 *et seq.*

37. As a result of Defendant's intentional interference, Plaintiff has suffered damages in the form of loss of wages and other employment benefits, liquidated damages, and other damages that she will establish at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 29 U.S.C. § 2617, 29 U.S.C. § 794, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

Dated this 9th day of October, 2017.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, WI  53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com