UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JACQUELINE COX

        Plaintiff,

        v.                            Case No: 17-CV-1370

FROEDTERT HEALTH, INC.

        Defendant.

**PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S PARTIAL MOTION TO DISMISS
AND REQUEST FOR SANCTIONS**

Plaintiff hereby responds to Defendant's frivolous motion to dismiss Count I of the Complaint for disability discrimination under the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 *et seq.*

Simply updating the law for recent developments would have revealed to defense counsel that in 1988, Congress amended the definition of the terms "programs" and "activities" to broaden the scope of those entities which must abide by Section 504 of the Rehabilitation Act. As amended, Section 504 now defines a program or activity to include "all operations of . . . an entire corporation, partnership, or other private organization" if either (1) federal financial "assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole," or (2) the organization "is principally engaged in the business of providing education, **health care**, housing, social services, or parks and recreations" and the organization receives federal financial assistance (emphasis added). 29 U.S.C. § 794(b)(3)(A)(i)-

(ii), *as amended by* Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28 § 4 (1988). *See Runnion v. Girl Scouts,* 2012 U.S. Dist. LEXIS 153726, *7, 2012 WL 5307913.

Defendant, a **health care** delivery organization, admitted at paragraph 11 of its Answer that "Froedtert receives Medicare and Medicaid payments for treating patients."  These entities are both sources of federal funding for **health care** to the organization in which the Plaintiff worked. That settles the question of whether Plaintiff is entitled to the protection of the Rehabilitation Act (she is).

Moreover, the principal case relied upon by the Defendant, *Foss v. City of Chicago*, 817 F.2d 34 (7th Cir. 1987), was handed down the year *before* the Rehabilitation Act was amended IN 1988 to cover entire organizations "principally engaged in the business of providing education, **health care**, housing, social services, or parks and recreations." *See* 29 U.S.C. § 794(b)(3)(A)(i)-(ii).  It is no longer good law.  The other cases cited by Defendant, *United States DOT v. Paralyzed Veterans of America,* 477 U.S. 597 (1986) and *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226 (7th Cir. 1980), *cert. denied*, 449 U.S. 892 (1980), were also decided before the 1988 amendments and thus do not apply here.

The unpublished case relied upon by the Defendant rendered in 2017, *Massey v. Churchview Supportive Living, Inc.*, 2017 WL 4547985, *1, seems to have gotten it wrong by ignoring the amended language of the statute itself, since the Plaintiff in that case was the Director of Nursing at an assisted living facility, involved in **health care.**

The inherent power of federal courts to impose attorneys' fees as sanction for bad-faith conduct in course of litigation under 28 U.S.C. § 1927 is broader than other means of imposing sanctions, as the advisory committee notes on amendments to Fed. R. Civ. P. 11 declare that the rule builds on and expands equitable doctrine permitting court to award attorneys' fees to litigant

2

where opponent acts in bad faith.  Because this motion was frivolous in its inception, Defendant has "multiplie[d] the proceedings in any case unreasonably and vexatiously[, and thus] may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.

CONCLUSION

Plaintiff requests that this Court deny the Defendant's partial motion to dismiss and assess attorney fees and costs against the Defendant for filing this frivolous motion.

Dated this 15th day of January, 2018.

HEINS EMPLOYMENT LAW PRACTICE LLC
Counsel for the Plaintiff


By:_____*s/ Janet L. Heins*_____.
Janet L. Heins, State Bar No. 1000677

HEINS EMPLOYMENT LAW PRACTICE LLC
1001 West Glen Oaks Lane, Suite 103
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com

3