UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

JACQUELINE COX,

       Plaintiff,

  v.                                                                     Case No. 17-CV-1370

FROEDTERT HEALTH, INC.,

       Defendant.

---

**REPLY BRIEF IN SUPPORT OF FROEDTERT HEALTH, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM OF RELIEF**

---

Defendant Froedtert Health, Inc., by its attorneys, von Briesen & Roper s.c., submits this Reply Brief in Support of its Motion to Dismiss the Plaintiff's First Claim for Relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.* fails to state a claim upon which relief may be granted.

Froedtert Health, Inc. ("Froedert") does not deny that it receives Medicare and Medicaid dollars from the federal government. However, in this case, plaintiff failed to allege that federal funds were connected to her environmental services director position. Plaintiff's complaint made only conclusory statements in Paragraphs 6 and 10 that "Defendant is a covered employer for purposes of the Rehab Act…" and in Paragraph 11 that Defendant was "a recipient of federal funding for programs it conducted." This is not enough to state a claim upon which the Court may grant relief. Even after the 1988 Amendments to the Rehabilitation Act, a plaintiff must still allege that her position exists as part of the program or activity receiving financial assistance. *Burks v. Wisconsin Dept. of Transp.*, 464 F.3d 744, 755 (7th Cir. 2006). In this case, Froedtert has admitted to receiving federal funding, but plaintiff has failed to connect that federal funding with

her specific job in question. Therefore dismissal of plaintiff's Rehabilitation Act complaint is appropriate here. Indeed, the U.S. District Court for the Northern District of Illinois granted defendant's motion under Rule 12(b)(6) in an employment Rehabilitation Act case against a health care entity, Churchview Supportive Living, because the plaintiff failed to allege that her position of Director of Nursing was funded by federal financial assistance. *Massey v. Churchview Supportive Living, Inc.*, No. 17-C-2253, 2017 WL 4547985 (N.D. Ill. Oct. 12, 2017) ((Dkt. 9, *Declaration of Attorney Doris E. Brosnan, Ex. 1).* In that case, the court gave leave to plaintiff to amend her complaint to repair that defect.

In her Brief in Opposition to Defendant's Partial Motion to Dismiss, plaintiff deals with the *Massey* case by stating that the federal court for the Northern District "seems to have gotten it wrong" in granting the motion to dismiss. She goes on to argue that plaintiff should be awarded sanctions from Froedert under F.R.C.P. 11. As an initial matter, plaintiff has not properly moved for sanctions under F.R.C.P. 11(c)(2), which requires that a motion for sanctions must be made separately from any other motion, and must be made only after giving the opposing party notice and 21 days to withdraw or correct the defense or claim. *Id.* Plaintiff has not made a proper separate motion for sanctions, nor has she given Froedtert notice of a motion for sanctions or opportunity to withdraw its allegedly offending motion.

In any case, Froedtert's Motion to Dismiss Plaintiff's First Claim of Relief was not frivolous. The motion was not presented for any improper purpose, such as to harass or cause unnecessary delay, or needlessly increase the cost of litigation, as prohibited in F.R.C.P. 11(b)(1). Further, the basis for Froedtert's motion to dismiss is clearly supported by a recent federal court case for the Northern District of Illinois, which granted a Motion 12(b)(6) on the same grounds argued here. Froedtert brought its motion in good faith reliance on the *Massey* case, and plaintiff's counsel cannot simply dismiss that case by stating her belief that the court

2

"got it wrong." Contrary to plaintiff counsel's argument, none of the cases cited in Froedtert's brief in support of its motion have been overturned, including Massey, and Froedtert relied on those cases in good faith.

**RESPECTFULLY SUBMITTED,** this 29th day of January, 2018.

s/ Doris E. Brosnan
Doris E. Brosnan, SBN 1031897
Devin S. Hayes, SBN 1089943
Attorneys for Defendant, Froedtert Health, Inc.
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Fax: 414-276-6281

Direct Contact Information:

von Briesen & Roper, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: (414) 287-1405
Fax: (414) 238-6518

30097760_1.DOCX