UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

JACQUELINE COX,
          Plaintiff,

v.                                                       Case No. 17-C-1370

FROEDTERT HEALTH, INC.,
          Defendant.

_____

## DECISION AND ORDER

Jacqueline Cox filed a complaint against her former employer, Froedtert Health, Inc., alleging two claims: (1) that Froedtert discriminated against her based on her disability, and (2) that Froedtert interfered with her right to leave under the Family and Medical Leave Act. Before me now is Froedtert's motion to dismiss the first of these claims under Federal Rule of Civil Procedure 12(b)(6).

Cox alleges in her complaint that she brings her claim for disability discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701. Froedtert moves to dismiss this claim on the ground that Cox has "failed to allege a necessary element of her claim," namely, that the alleged discrimination occurred in a program that received federal funds. (Br. in Supp. at 2, ECF No. 9.) However, under the federal notice-pleading system, a party is not required to plead all the elements of a claim. As the Seventh Circuit has stated,

> [P]leadings in federal court need not allege facts corresponding to each "element" of a statute. It is enough to state a claim for relief—and Federal Rule of Civil Procedure 8 departs from the old code-pleading practice by enabling plaintiffs to dispense with the need to identify, and plead specifically to, each ingredient of a sound legal theory. Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that

> the defendant knows what he has been accused of. . . . Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law requires a complaint to contain that allegation? . . . .
>
> Complaints initiate the litigation but need not cover everything necessary for the plaintiff to win; factual details and legal arguments come later.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (internal citations omitted). It is true that the above passage predates *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). But more recent cases make clear that *Iqbal* and *Twombly* did not reinstate code pleading and do not require plaintiffs to plead legal theories or recite all the elements of a claim for relief. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 517 (7th Cir. 2015); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

In the present case, the plaintiff has adequately pleaded her grievance simply and directly, so that Froedtert knows what it has been accused of. She alleges that, from late 2014 to December 2015, she was suffering from depression and needed to request intermittent time off from work to deal with its effects. She alleges that when she returned to work her supervisors and coworkers would not speak to her, except to refer to her as "nuts." She alleges that the defendant eventually eliminated her position as a pretext to terminating her because of her disability. This sets out a plausible claim for disability discrimination. The plaintiff did not also have to explicitly plead all of the elements that she will eventually need to prove in order to recover under the Rehabilitation Act. Indeed, she did not have to plead any legal theory at all and probably did not have to cite the Rehabilitation Act in her complaint. *See Hatmaker*, 619

2

F.3d at 743 (noting that plaintiff does not have to cite the correct statute supporting her claim in order to state a claim for relief).

Perhaps the plaintiff will be unable to prove the receipt-of-federal-funds element of her claim. But if so, that is something for Froedtert to raise in a motion for summary judgment rather than in a motion to dismiss under Rule 12(b)(6). Accordingly, **IT IS ORDERED** that Froedtert's motion to dismiss (ECF No. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of June, 2018.

s/Lynn Adelman
LYNN ADELMAN
District Judge